UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

JOHN D.,                                          )
                                                 )
                    Plaintiff,                   )
                                                 )
v.                                               )        1:24-cv-00396-SDN
                                                 )
FRANK J. BISIGNANO,                              )
*Commissioner of Social Security,*               )
                                                 )
                    Defendant.                   )

**MEMORANDUM OF DECISION AND ORDER ON MOTION FOR AWARD OF ATTORNEY FEES**

On February 11, 2026, Attorney Bryan Konoski filed a motion for an award of attorney fees in the amount of $28,696.75, pursuant to 42 U.S.C. § 406(b)(1) for work performed on behalf of Plaintiff John D. ECF No. 18. On March 3, 2026, the Commissioner responded. ECF No. 20. On March 10, 2026, Attorney Konoski filed a reply clarifying the amount of the award he is seeking. ECF No. 21; *see also* ECF No. 23 (explaining reasons for requested award in response to Court's show cause order). For the reasons detailed below, I grant Attorney Konoski's motion.

**BACKGROUND**

In this matter, Plaintiff agreed to pay Attorney Konoski a contingent fee for representation in the amount of 25 percent of the total of any past-due Social Security Disability Benefits awarded to him. *See* ECF No. 18-4 at 2. Attorney Konoski represented Plaintiff in this Court for judicial review of an unfavorable decision by an Administrative Law Judge denying Plaintiff's claim for Disability Benefits from the Social Security Administration ("SSA"). *See* ECF No. 18-1 at 1–2. On March 10, 2025, the Social Security

Commissioner submitted an unopposed motion to remand the case to the Social Security Administration for further proceedings. ECF No. 13. The Court granted the motion to remand. ECF No. 14. The Social Security Appeals Council remanded the case for a hearing that resulted in a fully favorable judgment in favor of Plaintiff for an estimated $140,787.00[1] in past-due Disability Benefits and $1,949.00 in regular monthly payments. *See* ECF No. 18-3 at 3. The Social Security Administration explained it withheld 25 percent of Plaintiff's award for the work performed by Attorney Konoski, amounting to $35,196.75. *Id.* at 5. Attorney Konoski requests an award of $28,696.75, which is less than the amount withheld by the SSA. ECF No. 18-1 at 2.

This Court previously entered an order approving payment to Attorney Konoski under the Equal Access to Justice Act ("EAJA") in the amount of $8,500.00. *See* ECF No. 17. In his motion for attorney fees pursuant to section 406(b), Attorney Konoski requests the Court issue him a net award of $20,196.75, which would be the requested amount of attorney fees ($28,696.75) reduced by the EAJA award ($8,500.00). ECF No. 18 at 1. In response, the Commissioner notes the statutory language, *see* ECF No. 20 at 2, which requires the attorney to "refund[] to the claimant the amount of the smaller fee," Act of Aug. 5, 1985, Pub. L. 99-80, 99 Stat. 183; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("[T]he claimant's attorney must refund to the claimant the amount of the smaller fee." (quotation modified)). In his reply, Attorney Konoski admits an EAJA payment was ordered in this case and that he has an obligation to refund the amount to Plaintiff after

---

[1] The Notice of Award does not specify the total amount of past-due benefits. *See* ECF No. 18-3. The Notice indicates $35,196.75 was withheld from retroactive benefits for attorney fees. *Id.* at 5. The Court has calculated that this would amount to a retroactive benefits total of $140,787.00 if the withheld amount equates to 25% of the past-due benefits. *See* ECF No. 18-1 at 1–2 ("[T]he Social Security Administration issued a Notice of Award informing the Plaintiff that $35,196.75 was being withheld from his Title II back benefits to pay legal fees. According to the letter issued by the Social Security Administration, this sum represents 25% of the total back benefits to which the Plaintiff is entitled.").

2

receiving attorney fees, rather than requesting a reduced net figure at the outset. ECF No. 21 at 1.

## DISCUSSION

Section 406(b) of the Social Security Act provides that when a court renders a judgment favorable to a represented claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court holds that contingent fee agreements are permissible in matters involving Social Security benefits claimants. *See Gisbrecht*, 535 U.S. at 807. However, the Court must be satisfied "that the fee sought is reasonable for the services rendered." *Id*. This Court has previously recognized that:

> Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are [sufficiently] disproportionate in relation to the amount of time counsel spent on the case to "implicate windfall concerns."

*Michelle B. v. O'Malley*, No. 21-CV-00337, 2024 WL 657000, at *1 (D. Me. Feb. 16, 2024), *report and recommendation aff'd*, 2024 WL 3718347 (Aug. 8, 2024) (quoting *Beaulieu v. Colvin*, No. 10-CV-454, 2016 WL 675646, at *2 (D. Me. Jan. 28, 2016), *report and recommendation aff'd*, 2016 WL 675646 (Feb. 18, 2016)) (alteration in *Michelle B.*). Lastly, if the claimant's representative received fees pursuant to the EAJA, the representative must refund the smaller fee amount to claimant. *See Gisbrecht*, 535 U.S. at 796.

Based on the submitted billing statements, the above fee equates to an hourly rate of $613.18 for 46.8 hours and is thereby reasonable under the law. *See* ECF 18-5. The

Commissioner neither supports nor opposes counsel's fee amount in this matter. ECF No. 20 at 1. I agree with Attorney Konoski that the fee is permissible by law.

First, "the fee request conforms with the Plaintiff's contingent fee agreement and does not exceed the 25 [percent] statutory limit." *Christopher H. v. Kijakazi*, No. 18-CV-00355, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022). Second, Plaintiff's counsel's "work in this Court prompted a motion for remand, and the Commissioner has provided nothing to suggest that the Plaintiff's subsequent success was not due to the efforts of his attorney." *Id*. Third, there is no "suggestion of inadequate representation, delay, or an inordinately easy case." *Id*. Finally, the effective hourly rate is in harmony with amounts this Court has previously deemed reasonable. *See* Order (ECF No. 23), *Alan S. v. Kijakazi*, No. 18-CV-00199 (D. Me. Jan. 9, 2023) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H.*, 2022 WL 17668469, at *1 (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 14-CV-271, 2016 WL 3919849, at *2–3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56).

## CONCLUSION

Accordingly, the Motion for Award of Attorney Fees is **GRANTED**, ECF No. 18, and the Court **ORDERS** that a fee award in the amount of $28,696.75 or 25 percent of Plaintiff's past-due benefits, whichever is less, be paid to Attorney Konoski from Plaintiff's past-due benefits in accordance with Social Security Administration policy, subject to the requirement that Attorney Konoski pay directly to Plaintiff the amount of $8,500.00, the sum earlier awarded to Attorney Konoski pursuant to the Equal Access to Justice Act.

**SO ORDERED.**

Dated this 17th day of March, 2026.

/s/ Stacey D. Neumann
UNITED STATES DISTRICT JUDGE
